# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:21-CR-00079-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| | **UNDER SEAL** |
| JAHMEAN AQUIL GLOVER, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Jahmean Aquil Glover's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 50). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion for compassionate release as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C § 3582(c).

In 2021, Defendant pled guilty to one count of possession of one or more stolen firearms. (Doc. No. 2). He was sentenced to 120 months imprisonment plus three years of supervised release. (Doc. No. 19).

Defendant is a 47-year-old male confined at FCI Butner II, a medium-security federal corrections institution in North Carolina, with a projected release date of February 17, 2029. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He states he needs to be released to be the primary caregiver of his terminally ill mother. (Doc. No. 50, at 1). According to Defendant's Presentence Report, he advised that he and

his nine siblings were raised by their mother and his siblings live in Iredell County, North Carolina. (Doc. No. 16, ¶ 50).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. See Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. See USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5).

Defendant states that his mother, Gertrude Chambers Daye, has been diagnosed with Stage 4 cancer and is currently hospitalized. (Doc. No. 50, at 1), Medical information has been submitted verifying that she has metastatic colon cancer, which is not a curable condition and that the family is engaging palliative care and deciding on hospice. (Doc. No. 51, at 1, 7, 18, and 33). Said medical information also states that Defendant's mother also goes by the name, Sarah Chambers Daye. *Id*. Unfortunately, Defendant's mother passed away on January 13, 2025, rendering this motion moot. See www.murrayfuneralservice.com/obituaries/Sarah-G-Daye.

**IT IS THEREFORE ORDERED** that Defendant's pro se motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 50), is **DENIED as MOOT.**

**SO ORDERED.**

Signed: February 14, 2025

Kenneth D. Bell
United States District Judge